UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN L. LOBDELL,

      Plaintiff,                        Case No. 14-cv-10399

v.                               HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**ORDER OVERRULING
OBJECTIONS** (document no. 21)**,
ADOPTING REPORT AND RECOMMENDATION**
(document no. 18)**, DENYING LOBDELL'S MOTION FOR SUMMARY
JUDGMENT** (document no. 15)**, GRANTING COMMISSIONER'S MOTION
FOR SUMMARY JUDGMENT** (document no. 17)**, AND DISMISSING CASE**

Steven Lobdell applied for Social Security Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI"). The Social Security Administration ("SSA") denied

his application in an opinion issued by an Administrative Law Judge on September 18,

2012. *See* ALJ Decision, ECF No. 11-2. After the SSA Appeals Council declined to review

the decision, Lobdell appealed to federal court. The Court referred the matter to a United

States Magistrate Judge, and the parties filed cross motions for summary judgment. ECF

Nos. 15, 17. On March 10, 2015, the magistrate judge issued a Report and

Recommendation ("Report") suggesting the Court grant the Commissioner's motion, deny

Lobdell's motion, and dismiss the case. Report, ECF No. 18. Lobdell filed two objections.

The Court has reviewed the fillings and will adopt the Report, overrule Lobdell's objections,

and dismiss the case.

## BACKGROUND

Lobdell was thirty-four years old when he submitted a disability report. Tr. 117. He had previously worked as a custodian, painter, stock person, and warehouse manager. Lobdell alleged disability due to back, shoulder, and hip injuries, as well as anxiety. He testified that his physical impairments resulted from a 2010 car accident. Tr. 30. Immediately following the accident, Lobdell was taken to a hospital, but received neither x-rays nor significant treatment. *Id.* He returned to work as a custodian, but could no longer work after January 2011 due to pain in his back, right shoulder, and right hip. Later, an MRI scan of his right shoulder revealed "mild acromioclavicular joint osteoarthritis" and a scan of his hip showed mild gluteus medius and hamstring origin tendinosis. Tr. 238–43. Treatment notes indicated Lobdell received multiple lumbar epidural steroid injunctions, *see* Tr. 173, 230, 337–48, and shoulder injections, *see* Tr. 226–27. And  Lobdell testified to back pain ranging between eight and nine out of ten. Tr. 32.

Treating source notes detailed Lobdell's complaints of anxiety in March of 2010. Lobdell was prescribed medication, and later hospital visits revealed "no unusual anxiety or evidence of depression." Tr. 275. Lobdell requested and was provided anti-anxiety medication again in April and September of 2011. Tr. 171. A psychological consultative examination performed by Dr. Thomas Horner found Lobdell suffered from anxiety. Tr. 216. And while a later examination by Dr. Ashok Kaul noted Lobdell's anxiety was a "severe impairment," Dr. Kaul found it posed only mild restrictions to Lobdell's daily life. Tr. 48–50.

The ALJ found Lobdell not disabled within the meaning of the Social Security regulations. Initially, she determined Lobdell had not engaged in substantial gainful employment since January 2011, the alleged onset date. Tr. 13. Next, the ALJ stated

Lobdel had the following severe impairments: degenerative disc disease in the lumbar spine, mild tendinosis in the right hip, mild acromioclavicular (AC) joint osteoarthritis bilaterally, foot pain, minimal bursitis of hips bilaterally, and anxiety disorder. *Id.* But the ALJ found none of his ailments met or equaled a listed impairment under the regulations. *Id.*

The ALJ then determined Lobdell had the residual functional capacity ("RFC") to perform all or substantially all of the requirements of sedentary, unskilled work. Tr. 19. Based on Lobdell's RFC, he could not return to his prior relevant work. The ALJ consulted the Medical-Vocational Guidelines ("grids")—that direct disability findings when a claimant can perform all or substantially all of the exertional demands at a given level—and concluded the grids directed a finding of "not disabled."

## STANDARD OF REVIEW

A claimant may appeal a Social Security Administration decision to a United States district court. 42 U.S.C. § 405(g). The district court's review, however, "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Id.* (citations omitted). Nonetheless, an "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Id.* (citations omitted).

## DISCUSSION

3

I.    Reliance On Medical-Vocational Guidelines

Lobdell objects to the ALJ's reliance on the Medical-Vocational Guidelines or grids. He contends his nonexertional impairments —including his shoulder limitations, ankle/feet swelling, and anxiety—precluded the ALJ from relying on the grids in finding him "not disabled." Objection 9, ECF No. 21.

The grids take account only of a claimant's exertional impairments, "an impairment which manifests itself by limitations in meeting the strength requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). An ALJ may rely solely upon the grids if the claimant's RFC findings coincide with the grid criteria. 20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(a). "In general, where the characteristics of the claimant exactly match the characteristics in one of the rules, the grid determines whether significant numbers of other jobs exist for the person or whether that person is disabled." *Wright v. Massanari*, 321 F.3d 611, 615 (6th Cir. 2003). "[R]ote application of the grid is inappropriate" when the claimant suffers from both exertional and nonexertional limitations that diminish his capacity to work. *Abbott*, 905 F.2d at 926; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 424 (6th Cir. 2008).[1] But when the nonexertional impairment has the effect "only of reducing [the] occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability." *Andrews v. Comm'r of Soc. Sec.*, No. 08-CV-12296-DT, 2009 WL 1505791, at *7 (E.D. Mich. May 27, 2009) (internal quotation marks and citations omitted).

---

[1] Nonexterional limitations are defined as "certain mental, sensory, or skin impairments" or "impairments [that] result solely in postural and manipulative limitations or environmental restrictions." 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). Exertional limitations affect a claimant's ability to meet the strength demands of jobs. *See Jordan*, 548 F.3d at 423.

Lobdell alleges he suffers from a combination of exertional and nonexertional limitations. He asserts the nonexertional limitations posed by his anxiety, shoulder pain, and ankle/feet swelling significantly erode the occupational base and prevent reliance on the grids.

Here, the ALJ determined Lobdell's nonexertional limitations did not "significantly erode the occupational base of sedentary work." Tr. 20. The ALJ restricted Lobdell to sedentary unskilled work. The ALJ found that although his ability to work was compromised by nonexertional limitations, those limitations had no more than a marginal effect on the occupational base. The ALJ reasoned that a restriction to sedentary work accounted for the limitations posed by Lobdell's shoulder, hip, back, and feet problems. Likewise, restricting Lobdell to unskilled work accounted for his anxiety. Tr. 19.

The ALJ found Lobdell's testimony "concerning the intensity, persistence and limiting effects of [his] symptoms [] not credible." Tr. 16. The ALJ noted that Lobdell continued to work following his diagnosis of anxiety and his car accident. And the ALJ cited multiple examining and treating physician notes that found no medical explanation for the severity of Lobdell's complaints and symptoms. Tr. 18, 171, 230. Family practice physician Dr. David Szaraz recorded complaints of swollen feet, and recommended Lobdell keep his legs elevated. But Lobdell testified that such swelling occurred only three times since September 2010, *see* Tr. 35, and no medical evidence revealed abnormalities requiring regular leg elevation. With regard to his shoulder pain, Lobdell reported in November 2011 and February 2012 that shoulder injections provided sufficient pain relief. Tr. 18. 173. Examining physician Dr. Sergey Tsekhanov noted Lobdell had a slightly limited range of

motion in the shoulders and hips, *see* Tr. 210, but did not offer any conclusions that would mandate more severe limitations.

The ALJ set forth reliable evidence that Lobdell's nonexertional limitations would not have more than a marginal impact on the occupational base. Accordingly, the ALJ properly applied the grids to direct a finding of "not disabled."

II.   Vocational Expert Identified Jobs

Lobdell also objects to the ALJ's alleged disregard of vocational testimony regarding potential jobs. The vocational expert testified that the hypothetical person limited to sedentary, unskilled employment could work as a surveillance systems monitor, and approximately 100 such jobs existed in lower Michigan. Tr. 41. Lobdell argues the ALJ should have relied on the expert testimony and found the number of jobs failed to constitute a "significant number."

As discussed previously, the ALJ properly relied on the grids in finding Lobdell not disabled. Although the vocational expert provided testimony, the ALJ did not rely on the testimony and instead took administrative notice that a significant number of jobs are available to Lobdell. Tr. 20; *see Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 922 (6th Cir. 1987); *Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988) (explaining that "the grids are a shortcut that eliminate the need for calling in vocational experts"). Lobdell's challenge to the vocational expert's testimony fails to raise an issue. Given that the ALJ made her determination of disability solely based on application of the grids, consideration or referral to expert testimony is not required. And application of Rule 200.00(e) dictates Lobdell is capable of performing work available in the national economy.

**ORDER**

6

**WHEREFORE**, it is hereby **ORDERED** that Lobdell's Objections (document no. 21) are **OVERRULED**, and the Report and Recommendation (document no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Lobdell's Motion for Summary Judgment (document no. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 17) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 28, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager